Case 1:17-cr-00065-JPH-MJD   Document 354   Filed 05/14/24   Page 1 of 4 PageID #: 1513

AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

United States of America
USA  v.  OCTAVIO MOJICA GUTIERREZI

Case No: 1:17-CR-00065-JPH-MHD
USM No: 68894-065

Date of Original Judgment: 08/13/2019
Date of Previous Amended Judgment: _____
*(Use Date of Last Amended Judgment if Any)*

*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 08/13/2019 shall remain in effect.
**IT IS SO ORDERED**.

Date: 5/14/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>             )<br>     Plaintiff, )<br>             )<br>   v.        )<br>             )<br>OCTAVIO MOJICA GUTIERREZ )<br> a/k/a CHRISTOPHER MONTOYA )<br> a/k/a FREDDY )<br> a/k/a TIO, )<br>             )<br>     Defendant. ) | No. 1:17-cr-00065-JPH-MJD<br><br>-08 |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Octavio Mojica Gutierrez has filed a motion to reduce his sentence under Amendment 821 to the United States Sentencing Guidelines, which retroactively lowered the sentencing guidelines calculation for some defendants. Dkt. 342.

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed" unless an exception applies. *See Dillon v. United States*, 560 U.S. 817, 824 (2010). One of those exceptions is for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Motions for sentence reductions under § 3582(c)(2) are evaluated in "a two-step inquiry." *Dillon*, 560 U.S. at 826–27. First, the district court must determine whether the reduction is permissible under the amended guidelines. *Id.* If that first step is satisfied, the district court must consider "any applicable § 3553(a) factors and determine whether,

1

in its discretion, the reduction . . . is warranted . . . under the particular circumstances of the case." *Id.*

Amendment 821 includes two parts—Part A, which limits "status points" imposed for having committed the offense while under a criminal justice sentence, USSG §4A1.1, and Part B, which decreases the offense level "for certain zero-point offenders," USSG §4C1.1(a).  Mr. Gutierrez's motion does not identify which part he believes supports a sentence reduction.  Dkt. 342.  The government argues that Mr. Gutierrez is not eligible for a reduction under either part because the amendment does not change his guidelines range.  Dkt. 349.

Mr. Gutierrez is not eligible for an adjustment under Part A because he did not receive any status points for having committed the offense while under a criminal justice sentence.  *See* dkt. 263 at 9.  And to be eligible for Part B's zero-point offender retroactive adjustment, Mr. Gutierrez must have "not receive[d] any criminal history points from Chapter Four Part A" of the sentencing guidelines.  USSG §4C1.1(a)(1).  However, he received eight criminal history points under USSG §4A1.1 for three prior convictions.  Dkt. 263 at 8.  So neither part of Amendment 821 changes Mr. Gutierrez's sentencing range, and the Court may reduce his sentence only if his "sentencing range . . . has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); *see* USSG §1B1.10(a) (same).

Mr. Gutierrez therefore is not eligible for a sentence reduction under *Dillon*'s first step, and his motion is **DENIED**.  Dkt. [342].

**SO ORDERED.**

Date: 5/14/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

Octavio Mojica Gutierrez
a/k/a Christopher Montoya
Reg. No. 68894-065
USP Lompoc
United States Penitentiary
3901 Klein Blvd
Lompoc, CA 93436